IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

XANATHE HARPER,

PLAINTIFF,

V.

CAROLINE'S COUNTRY STORE,

DEFENDANT.

CIVIL ACTION NO.:

2:17-cv-612-MHT

JURY TRIAL DEMANDED

## COMPLAINT

### I. JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 2201 and 2202 and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. District Court jurisdiction exists pursuant to 29 U.S.C. §§ 215(a)(3) and 217 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure the protection and redress the deprivation of rights secured by the FLSA.

### II. PARTIES

2. Plaintiff, Xanathe Harper, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Andalusia, Covington County, Alabama. Plaintiff was formerly employed by Defendant.

3. Defendant, Caroline's Country Store (hereinafter "Defendant"), is a company registered and doing business in the State of Alabama. Therefore, this

Court has personal jurisdiction over Defendants. Defendant is engaged in commerce from the production of goods as contemplated by 29 U.S.C. §§ 203(r), 203(s).

### III. STATEMENT OF THE FACTS

4. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-3 above.

5. Defendant hired Plaintiff on or about April 7, 2016.

6. Defendant employed Plaintiff as a manager of the Caroline's Country Store location on 13522 Highway 134 E Kinston, Alabama 36467.

7. At the beginning of her employment, Defendant paid Plaintiff $325.00 per week, no matter how many hours she worked.

8. About two months after Plaintiff started working, Defendant gave plaintiff a raise to $375.00 per week, no matter how many hours she worked.

9. About six weeks later, Defendant increased Plaintiff's pay to $400.00 per week.

10. At all times during the employment relationship, Defendant classified Plaintiff as a salaried, exempt employee.

11. Plaintiff's duties as the manager, required her to open the store each day at 5:00 a.m.

12. In the beginning of her employment, Plaintiff regularly drove to another Caroline's store location to pick up biscuits to sell and then arrive at the Kinston location by 5:30 a.m.

13. Plaintiff would generally work until 2:30 p.m., each day.

14. On most days Plaintiff worked without a break because she was the only employee working until noon and had to cook lunch for the customers, stock the store, and do administrative work while the second employee tended to customers.

15. Plaintiff generally worked Monday through Friday in addition to an occasional weekend day when staffing needs required it.

16. During the fall of 2016, Defendant added a liquor store to the Caroline's Country Store located in Kinston.

17. During this same time period, Defendant did not have any other employees to work in the store, because of recent attrition rates.

18. In order to keep the store running during its normal hours until more staff could be hired, Plaintiff worked from open around 5:00 a.m., until the store closed around 7:00 p.m. in the evening.

19. During the three years preceding the filing of this complaint, Plaintiff typically worked over forty hours in a work week.

20. Defendant did not pay Plaintiff any money for the hours that she worked over 40 in each work week.

21. Plaintiff left her employment with Defendant on April 21, 2017.

## IV. COUNT ONE – FLSA – OVERTIME VIOLATIONS

22. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1-21 above.

23. During the three years preceding the filing of this Complaint, Defendant has been an enterprise engaged in commerce or the production of goods in commerce as defined by 29 U.S.C. 203(s)(1).

24. During the three years preceding the filing of this Complaint, Defendant has been a company whose employees, including the Plaintiff, are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

25. Defendant's gross annual volume of revenue exceeds $500,000.

26. At all times relevant to this action, Defendant was an employer of Plaintiff as defined by 29 U.S.C. § 203(d).

27. During the three years preceding the filing of this Complaint, Plaintiff, and all other similarly situated managers were employees of Defendant as defined by 29 U.S.C. § 203(e)(1).

28. Plaintiff and all similarly situated managers employed by Defendant were engaged in interstate commerce and/or the production of goods for interstate commerce while working for Defendant. Plaintiff's interstate commercial activity included, but was not limited to; selling products that originated out of state or outside of the United States, and processing credit card and debit card transactions that crossed state lines.

29. During the three years preceding the filing of this Complaint, Defendant recorded Plaintiff's hours worked in excess of forty hours for a work week on at least one or more occasion.

30. Defendant failed to pay Plaintiff for all hours worked in excess of forty in a work week.

31. As the result of Defendant's willful and intentional violation of the FLSA, Plaintiff has been damaged, suffering loss of overtime pay.

## V. PRAYER FOR RELIEF

A. WHEREFORE, Plaintiff respectfully prays for the following relief:

B.    A.    The Court issue proper process to compel Defendant to answer or otherwise plead to the allegations contained in the Complaint;

C.    B.    This Court award Plaintiff the amount of her back overtime pay, plus an additional equal amount as liquidated damages; nominal damages; and special damages;

D.  C.   That Plaintiff be granted judgment against Defendant for all reasonable attorneys' fees, costs, disbursements and interest; and

E.  D.   For such other and further relief as this Court deems equitable, proper and just.

_____
Kira Fonteneau

_____
Allen D. Arnold

**OF COUNSEL:**
Kira Fonteneau
Allen D. Arnold
Fonteneau and Arnold, LLC
2151 Highland Avenue S, Suite 205
Birmingham, AL 35205
Phone: (205)252-1550

**PLEASE SERVE DEFENDANT(S) AT:**
CAROLINE'S COUNTRY STORE
Scotty Short
28502 Highway 84
Opp , Alabama 36467

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**

_____
OF COUNSEL