IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| XANATHE HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. |
| v. | ) | 2:17cv612-MHT |
| | ) | (WO) |
| CAROLINE'S COUNTRY STORE, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

This cause is before the court on a joint motion to approve an agreement settling plaintiff Xanathe Harper's claim under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219, against defendant Caroline's Country Store, LLC.  The agreement further provides for the dismissal of this lawsuit.  Jurisdiction is proper pursuant to 29 U.S.C. § 216(b) (FLSA) and 28 U.S.C. § 1331 (federal question).  Harper having personally testified before the court and stated that she approves of the settlement, and for the following reasons, the court will approve the settlement agreement.

"Because the FLSA was enacted to protect workers from the poor wages and long hours that can result from great inequalities in bargaining power between employers and employees, the FLSA's provisions are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement." *Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1262 (M.D. Ala. 2003) (Thompson, J.) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).  The first exception requires supervision by the Secretary of Labor under 29 U.S.C. § 216(c); the second exception allows for settlement of claims for back wages under 29 U.S.C. § 216(b), if a court "scrutiniz[es] the settlement for fairness," and determines that it is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353, 1355 (11th Cir. 1982).  "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually

2

in dispute[,] ... the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In this case, there are bona fide disputes over FLSA provisions, namely FLSA coverage and the amount of overtime hours worked by Harper. Harper's receipt of $ 6,400.00 for settling her FLSA claims provides her 100 % of her unpaid minimum wage and overtime wages ($ 3,200.00) and 100 % in liquidated damages (also $ 3,200.00). The agreement further provides for a separate $ 4,600.00 in attorney's fees and a $ 410.00 reimbursement of the court filing fee, to be paid to counsel for Harper. After hearing from Harper personally and reviewing the settlement agreement, the court concludes that the settlement is a fair and reasonable resolution of these bona fide disputes.

The Eleventh Circuit Court of Appeals has further counseled (albeit in an unpublished and therefore non-binding opinion) that, in the contingency fee context, a court reviewing an FLSA settlement should review "the

reasonableness of counsel's legal fees to assure both
that counsel is compensated adequately and that no
conflict of interest taints the amount the wronged
employee recovers under a settlement agreement." *Silva
v. Miller,* 307 F. App'x 349, 351 (11th Cir. 2009).
According to *Silva,* "[t]o turn a blind eye to an agreed
upon contingency fee in an amount greater than the amount
determined to be reasonable after judicial scrutiny runs
counter to FLSA's provisions for compensating the wronged
employee." *Id.* However, because the attorney's fee in
the settlement agreement does not come out of Harper's
recovery, which provides the full amount of her unpaid
wages and liquidated damages, the court need not assess
the reasonableness of this fee.

The court notes that Harper has no non-FLSA claims.
There is therefore no evidence of unfair and improper
"use [of] an FLSA claim (a matter arising from the
employer's failing to comply with the FLSA) to leverage
a release from liability unconnected to the FLSA." *Hogan*

*v. Allstate Beverage Co., Inc.*, 821 F. Supp. 2d 1274,
1284 (M.D. Ala. 2011) (Thompson, J.).

An appropriate judgment granting the parties' joint
motion to approve settlement of the FLSA claim and
dismissing this case in full will be entered.

DONE, this the 5th day of December, 2017.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE